UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

JOANN R.,[1]

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

Case No. 2:18-cv-01487-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Joann R. ("plaintiff") seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Title II Disability Insurance Benefits ("DIB") and Title XVI Social Security Income ("SSI") under the Social Security Act ("Act"). This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is not supported by substantial evidence; therefore, it is REVERSED and REMANDED for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member(s).

1 – OPINION AND ORDER

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on September 2, 2014, alleging disability beginning June 28, 2011. Tr. 18. Plaintiff's claim was initially denied on December 5, 2014, and upon reconsideration on February 25, 2015. Tr. 96-97, 131-32. A hearing was held before an Administrative Law Judge ("ALJ") on March 23, 2017, in which plaintiff testified, as did a vocational expert ("VE"). Tr. 41-95. On June 16, 2017, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 18-29. After the Appeals Council denied her request for review, plaintiff filed a complaint in this court. Tr. 1-6. The ALJ's decision is therefore the Commissioner's final decision subject to review by this court. 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The reviewing court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

**SEQUENTIAL ANALYSIS AND ALJ FINDINGS**

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. This sequential analysis is set forth in the Social Security regulations, 20 C.F.R. §§ 404.1520, 416.920, in Ninth Circuit case law, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)), and in the ALJ's decision in this case, Tr. 19-20.

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 20.

At step two, the ALJ found plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, obesity, anxiety disorder, and cannabis abuse disorder. Tr. 21.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 22. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined she could perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), finding she could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk for six hours of an eight-hour workday, sit for six hours in an eight-hour workday, occasionally climb stairs, ramps, ladders, ropes or scaffolding, stoop, kneel, crouch, or crawl, she must avoid concentrate exposure to vibrations or hazards, such as moving machinery or unprotected heights, she must avoid concentrated exposure to lung irritants, such as fumes, odors, dusts, gases, and/or poor ventilation, she can have no more than occasional interaction with the public, she is limited to simple, routine work

tasks, she is limited to the performance of low-stress work, such as no persuasive communication tasks, no teamwork tasks, no fast-paced or production-rate tasks, and few changes of work routine or setting. Tr. 24.

At step four, the ALJ found plaintiff was not able to perform her past relevant work as a commercial cleaner or farm laborer. Tr. 28.

At step five the ALJ determined plaintiff could perform jobs that exist in significant numbers in the national economy, including inspector and packager, laundry sorter, and garment sorter. Tr. 28-29.

## DISCUSSION

Plaintiff argues that the ALJ erred in the assessment of examining physician Dr. Trueblood's medical opinion.

### I.  Medical Opinion Evidence

The ALJ is responsible for resolving ambiguities and conflicts in the medical testimony. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ must provide clear and convincing reasons for rejecting the uncontradicted medical opinion of a treating or examining physician, or specific and legitimate reasons for rejecting contradicted opinions, so long as they are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Additionally, the ALJ may discount physicians' opinions based on internal inconsistencies, inconsistencies between their opinions and other evidence in the record, or other factors the ALJ deems material to resolving ambiguities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).

Dr. Trueblood reviewed plaintiff's records, performed a clinical interview and mental status evaluation, and administered mental screening tasks. The doctor's tentative expectations were that plaintiff would likely "have significant shortcoming in understanding instructions" and "significant shortcoming . . . in sustaining attention/concentration and persisting." Tr. 568-73.

While the ALJ discussed Dr. Trueblood's examination, the ALJ never indicated what weight he assigned the doctor's opinion. Tr. 27-28. Moreover, the ALJ did not provide any reasons for rejecting Dr. Trueblood's opinion. *Id.* An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison*, 759 F.3d at 1012-13; *see also Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) (noting that an ALJ effectively rejects an opinion when he or she ignores it). Here, despite briefly discussing Dr. Trueblood's examination, the ALJ ignored the doctor's assessment and failed to provide any reasons for rejecting the doctor's opinion.

The Commissioner argues that Dr. Trueblood himself noted that his recommendations were a "little equivocal" and "tentative." Def. Br. 3, ECF #16 (citing Tr. 572). However, the ALJ never cited such a basis for rejecting the doctor's opinion; thus, the Commissioner's rationale is *post hoc*, which the court may not consider in affirming an adverse decision. *Bray v. Commissioner*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

The Commissioner also argues that the ALJ otherwise relied on evidence that plaintiff declined nearly all offers for therapy, had a history of normal mental status exams, and failed to take prescription mental health medication over the long term. Def. Br. 4, ECF #16 (citing Tr. 26-27). Nevertheless, the ALJ did not rely on such rationales to reject Dr. Trueblood's opinion. Therefore, these qualify as additional *post hoc* arguments. *Bray*, 554 F.3d at 1225. Furthermore, it is not clear how plaintiff's failure to seek therapy undermines Dr. Trueblood's assessment regarding plaintiff's ability to follow instructions or maintain concentration, persistence, and pace. The court also notes that neither the ALJ nor the Commissioner cite any evidence that plaintiff's intermittent use of depression medication was related to the cognitive impairments assessed by Dr. Trueblood. Finally, while plaintiff often presented with normal mental status exams, there are numerous treatment records documenting plaintiff's memory problems. Tr. 356-58, 361, 365-67, 370, 389, 400, 402-03, 529, 531, 551, 565, 711, 951, 953, 958, 1063, 1065-67, 1080, 1082, 1099, 1116, 1118, 1120-21, 1142, 1144, 1151, 1198, 1201-03, 1207, 1217, 1229-30, 1280. Indeed, plaintiff's memory impairments became so severe that she had to get an MRI to check for a brain tumor. Tr. 356.

The Commissioner next argues that the ALJ found plaintiff's memory and concentration problems were likely exacerbated by her insomnia and marijuana use. Def. Br. 4, ECF #16. Again, these are *post hoc* rationales because ALJ did not rely on these reasons to discount Dr. Trueblood's opinion. *Bray*, 554 F.3d at 1225. Moreover, the possibility that plaintiff's memory problems may have been exacerbated by her insomnia does not undermine Dr. Trueblood's assessment. In fact, neither does the possibility that plaintiff's memory was affected by her marijuana use. In performing the five-step analysis the ALJ must consider the claimant's impairments, including substance use disorder, to determine whether the claimant is disabled

under the Act. *Parra*, 481 F.3d at 747. Only after determining that a claimant would be disabled with the substance abuse disorder does the ALJ then assess whether alcoholism or drug addiction is a contributing factor material to the determination of disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). Thus, even if plaintiff's marijuana use was a contributing factor to her cognitive impairments, it would not be a proper basis for rejecting Dr. Trueblood's assessment.

The Commissioner also cites the fact that the ALJ gave substantial weight to Dr. Boyd, and Dr. Boyd discussed and rejected Dr. Trueblood's opinion. Def. Br. 5, ECF #16. This, however, qualifies as yet another *post hoc* rationale. Furthermore, Dr. Boyd was a non-examining physician and "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). Accordingly, Dr. Boyd's opinion is not itself sufficient to reject Dr. Trueblood's opinion.

The Commissioner cites *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), for the proposition that the ALJ need only reject "significant probative" evidence, and argues that Dr. Trueblood's opinion does not constitute significant probative evidence. Def. Br. 6, ECF #16. However, in *Vincent*, the court held that the ALJ had not erred in failing to address a letter from a doctor that concluded the claimant was "severely impaired." *Vincent*, 739 F.2d at 1395. Here, on the other hand, Dr. Trueblood's opinion was not a mere conclusion that plaintiff was disabled; rather, he addressed plaintiff's specific impairments.

Additionally, the court in *Vincent* relied on the fact that the doctor had not examined or treated the claimant after the claimant suffered a stroke, and was instead relying on the treatment notes of other doctors. *Vincent*, 739 F.2d at 1395. The court held that such "[a]fter-the-fact psychiatric diagnoses are notoriously unreliable." *Id.* (citation omitted). Notably, here, Dr.

Trueblood's opinion was based on his own contemporaneous examination of plaintiff's condition. It is also relevant that Dr. Trueblood's assessment was solicited by the Commissioner. Tr. 568. Presumably the Commissioner does not view psychiatric diagnoses resulting from consultative examinations as "notoriously unreliable."

The Commissioner also argues that the ALJ reasonably incorporated Dr. Trueblood's opinion into the RFC. However, Dr. Trueblood assessed significant impairment in understanding instructions, and the RFC does not include any limitations regarding plaintiff's ability to understand instructions. Tr. 24, 572.

Finally, the Commissioner asserts that the ALJ "explained that Dr. Trueblood's findings did not comport with overall evidence and was at odds with [p]laintiff's reported activities." Def. Br. 6, ECF #16. The Commissioner, however, mischaracterizes the record. The ALJ did not offer such explanations.

In sum, the ALJ erred in the assessment of Dr. Trueblood's opinion. Such error was harmful because Dr. Trueblood's expectations that plaintiff would have significant shortcomings in her ability to understand instructions and in her ability to concentrate, persist, or maintain pace could establish that plaintiff is disabled. Pursuant to SSR 85-15,

> [t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base. This, in turn, would justify a finding of disability[.]

Accordingly, plaintiff's deficiencies in her ability to understand simple instructions could justify a finding of disability.

**II.     Remand**

When a court determines the Commissioner erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Commissioner*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. Even if all of the requisites are met, however, the court may still remand for further proceedings, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1021.

Here, the first requisite of the *Garrison* test is met, as the ALJ erroneously assessed the medical opinions of Dr. Trueblood. However, the second requisite is not met, as the record in this case is not fully developed.

Plaintiff briefly argues that if the ALJ had properly considered Dr. Trueblood's opinion, the ALJ would have found that plaintiff met Listing 12.06. Pl. Br. 13, ECF #15. This, however, is speculative. While the impairments assessed by Dr. Trueblood could support a finding that plaintiff met Listing 12.06,[2] it is not necessarily certain. The same is true of SSR 85-15. While Dr. Trueblood's assessments could justify a finding of disability under those rules, it is not clear

---

[2] Marked limitations in plaintiff's ability to understand, remember, or apply information and concentrate, persist, or maintain pace would establish that plaintiff meets Listing 12.06. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.06.

9 – OPINION AND ORDER

that such a finding would be required. Importantly, plaintiff ignores the fact that Dr. Trueblood qualified his assessment as a "tentative expectation." Tr. 572. Given the fact that Dr. Trueblood's conclusions were equivocal to some degree, it would not be appropriate to fully credit that opinion without further development of the record. Therefore, the court concludes that the record is not fully developed and it is not clear that plaintiff, is in fact, disabled.

Furthermore, even if Dr. Trueblood's opinion was sufficient to require a finding of disability, a remand would still be necessary because the ALJ found that plaintiff's cannabis abuse was a severe impairment but did not perform the drug and alcohol analysis. *Monan v. Astrue*, 377 F. App'x 629, 630 (9th Cir. 2010); *see also Parra*, 481 F.3d at 746 (citing 42 U.S.C. § 423(d)(2)(C)) ("[A] claimant cannot receive disability benefits 'if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.'").

On remand, the ALJ must (1) accept Dr. Trueblood's assessment or provide legally sufficient reasons for rejecting it, (2) obtain an additional consultative examination to determine the extent of plaintiff's impairments related to understanding instructions and her ability to maintain concentration, persistence, and pace, (3) obtain additional VE testimony regarding what work plaintiff can do, if any, and (4) conduct any additional proceedings as indicated by the results of the foregoing instructions.

///

///

///

///

///

## CONCLUSION

For the reasons discussed above, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

DATED August 6, 2019.

                                                      /s/ Youlee Yim You
                                       Youlee Yim You
                                       United States Magistrate Judge